clf\files\mcdonnell-phillipscohenII\pleadings\complaint

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| MARY ROSE McDONNELL<br>78 St. Andrews Drive<br>Little Egg Harbor, NJ  08087,<br>                              Plaintiff,<br>           vs.<br><br>PHILLIPS & COHEN ASSOCIATES<br>695 Rancocas Road<br>Westhampton, NJ  08060,<br>                              Defendant. | CIVIL ACTION NO. |

**COMPLAINT**

**I.     INTRODUCTION**

1.     This is a consumer protection action brought for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 ("FDCPA").

2.     The FDCPA prohibits debt collectors from communicating with a consumer in connection with the collection of a debt if the debt collector knows the consumer is represented by an attorney with respect to such debt. 15 U.S.C. § 1692c(a)(2).

3.     Despite knowing Plaintiff was represented by an attorney and knowing the name and address of her attorney, Defendant continued to communicate with Plaintiff directly via phone and mail in violation of the FDCPA.

**II.    JURISDICTION**

4.     Jurisdiction arises under 15 U.S.C. § 1692k and 28 U.S.C. § 1331, 1337.

**III.   PARTIES**

5.     Plaintiff is Mary Rose McDonnell ("Plaintiff" or "McDonnell"). She is a consumer who resides in Little Egg Harbor, New Jersey at the address captioned.

6. Defendant, Phillips & Cohen ("P&C") is upon information and belief, a Delaware corporation, with a New Jersey office addressed as captioned.

7. P&C regularly engages in the collection of consumer debts using the mails and telephone.

8. P&C regularly attempts to collect consumer debts alleged to be due another.

9. P&C is a "debt collector" as that term is contemplated in the FDCPA, 15 U.S.C. § 1692a(6).

## IV. STATEMENT OF CLAIM

10. On May 19, 2008, Defendant debt collector telephoned Plaintiff, a 70 year old woman, in the effort to collect a consumer debt alleged due by the estate of her late husband, William McDonnell.

11. William McDonnell died on December 19, 1991, some 17 years ago.

12. According to defendant, Plaintiff's late husband borrowed some money before his death in 1991. Defendant said the estate owed $7,039.52 to Estate Asset Management, who purportedly purchased the account from Fleet/Natwest. P&C was dunning Plaintiff to pay the debt.

13. Plaintiff did not recognize the alleged, stale debt and disputes it.

14. On May 19, 2008, Plaintiff contacted Robert Reibstein, Esquire for assistance. Attorney Reibstein on May 19, 2008 sent a fax to Phillips & Cohen, stating, "I represent Mrs. Mary Rose McDonnell, widow of William McDonnell. Please mail or fax me copies of your company's letters previously sent to Mr. or Mrs. McDonnell in Oct 07 and Jan 08".

15. The fax listed Attorney Reibstein's address, phone number and fax number.

16. That day, May 19, 2008, P&C sent a return fax to Mr. Reibstein including a document purporting to verify the alleged debt sought.

17. After May 19, 2008, P&C never communicated again with Attorney Reibstein.

18. Despite notice that Plaintiff was represented by Attorney Reibstein, Defendant placed two telephone calls directly to Mrs. McDonnell and leaving messages, one on June 26, 2008 and another on July 29, 2008 to dun her for payment.

19. On December 10, 2008, P&C sent a collection letter directly to Mrs. McDonnell.

20. Section 1692c(a)(2) of the FDCPA prohibits debt collectors from communicating with a consumer in connection with the collection of a debt if the debt collector knows the consumer is represented by an attorney with respect to such debt.

21. P&C's continued communications to Mrs. McDonnell to collect this old debt after knowing she was represented by counsel is a violation of the FDCPA.

## COUNT I - FAIR DEBT COLLECTION PRACTICES ACT

22. Plaintiff repeats the allegations contained above as if the same were here set forth at length.

23. P&C's phone calls and letter to Plaintiff violate the FDCPA by communicating with a consumer it knew to be represented by an attorney with respect to the debt it was trying to collect. 15 U.S.C. §1692c(a)(2).

**WHEREFORE**, plaintiff Mary Rose McDonnell demands judgment against defendant for:

(a) Damages;

(b) Attorney's fees and costs; and

(c) Such other and further relief as the Court shall deem just and proper.

## V. DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury as to all issues so triable.

Respectfully submitted:

Date: 06/26/09

/s/ Andrew M. Milz (AMM9731)
CARY L. FLITTER
THEODORE E. LORENZ
ANDREW M. MILZ
Attorneys for Plaintiff
LUNDY, FLITTER, BELDECOS & BERGER, P.A.
Five Greentree Centre, Suite 302
Marlton, NJ  08053
(856) 338-1300